IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18-cr-158 |
| Plaintiff, | : | (Judge Walter H. Rice) |
| v. | : | |
| | | **DEFENDANT'S MOTION *IN LIMINE* |
| NASER ALMADAOJI | : | TO PRECLUDE TESTIMONY ABOUT |
| | | VIOLENCE BY TERRORIST |
| Defendant. | : | ORGANIZATIONS** |

Now comes the Defendant, Naser Almadaoji, by and through undersigned counsel, and hereby moves this Court *in limine* for an order excluding evidence and testimony regarding violence perpetrated by terrorist organizations. A memorandum in support of this motion is attached hereto.

Respectfully submitted,

/s/ James P. Fleisher
James P. Fleisher (0059509)
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, OH 45402-1908
PHONE:   (937) 250-7783
FAX:   (937) 223-6339
E-MAIL:   jpf@biesergreer.com

***Attorney for Defendant, Naser Almadaoji***

## MEMORANDUM

On August 18, 2021, the Government provided the Defendant with notice of its intent to call Dr. Lorenzo Vidino as an expert witness at trial. In the substance of this notice, the government indicated that Dr. Vidino would testify "that ISIS and ISIS Wilayat Khorasan engage in terrorist activity, and engaged and have engaged in terrorism, and that this is widely and commonly known. The Government anticipates he will explain what ISIS and ISIS Wilayat Khorasan are, what they do, what they stand for, what their goals and objectives are, how they behave and act, how they differ from, compete with, or relate to other extremist groups and entities, the types, nature and extent of terrorist activity and terrorism they engage in, *specific acts of terrorism perpetrated by them,* and how and where one joins these groups, including common routes and methods of travel, common features, traits, and behaviors of those seeking to join, and common tactics and methods used to join." *See* Exhibit A, attached (emphasis added).

Testimony by Dr. Vidino or any other Government witness concerning violent or terroristic acts perpetrated by a foreign terrorist organization generally is of very limited probative value. Its introduction would not help the jury, would tend to confuse the issues before them, and would unduly prejudice Mr. Almadaoji. As such, it should be excluded from evidence in this case pursuant to Fed. R. Evid. 403.

Evidence about terrorism and terrorist organizations "touches on very sensitive issues for Americans" and requires "careful consideration" before being admitted. *United States v. Mostafa*, 16 F.Supp. 3d 236, 262-63 (S.D.N.Y. 2014). Given the unquestionably prejudicial nature of such evidence, Mr. Almadaoji requests this Court to exclude such evidence in its entirety. In the alternative, the Defendant requests that the Court ensure that the Government's presentation of such evidence is strictly limited.

Under Federal Rule of Evidence 403, relevant evidence is inadmissible where its prejudicial effect substantially outweighs its probative value. "The District Court is given wide discretion ... to exclude relevant evidence if there is a danger of unfair prejudice." *United States v. Dupuy*, 760 F.2d 1492, 1499 (9th Cir. 1985); *see also United States v. Geisen*, 612 F.3d 471, 495 (6th Cir.2010) *citing United States v. Abel*, 469 U.S. 45, 54 (1984).

"[W]hat counts as the Rule 403 'probative value' of an item of evidence . . . may be calculated by comparing evidentiary alternative." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). "If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if it's discounted probative value were substantially outweighed by unfair prejudicial risk." *Id.* at 182-83. Thus, the District Court analyzing a Rule 403 prejudice objection must "evaluate the degrees of probative value . . . not only for the item in question but for any actually available substitutes as well." *United States v. Merino-Balderramma*, 146 F.3d 758, 762 (9th Cir. 1998) (quoting *Old Chief*, 519 U.S. at 182) (quotations omitted); *see also United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018) (discussing the need to consider the availability of evidentiary alternatives under when evaluating prejudice under Rule 403).

Considering the prejudicial nature of terrorism – related evidence, a District Court must carefully consider the probative value of admitting such evidence. Courts frequently exclude such evidence where it I not closely linked to the charged conduct. For example, in *United States v. al-Moayad*, 545 F.3d 139 (2d Cir. 2008), the defendants were charged with providing material support to Hamas. The government introduced testimony regarding a bus bombing perpetrated by Hamas. The District Court admitted the testimony into evidence. The Second Circuit found this

3

was erroneous for several reasons. First, the "defendants were not charged with planning or carrying out the [] bus bombing" or "any other terrorist attack." 545 F.3d at 160. Although the testimony was offered to prove that the defendants knew Hamas engaged in terrorism, they "never denied" this knowledge, "essentially eliminating the government's burden of proof on that element" of the material support charge. *Id.* The testimony had "considerable prejudicial effect," especially compared to its "questionable probative value." *Id.* at 161.

Here, Mr. Almadaoji is prepared to stipulate and agree that ISIS and ISIS Wilayat Khorasan have been designated as foreign terrorist organizations. Testimony or other evidence regarding violent acts committed by either of these groups, including but not limited to, the display of videos and pictures of atrocities, or testimony concerning such, are activities in which Mr. Almadaoji had no involvement and as such should be excluded as unduly prejudicial evidence.

/s/ James P. Fleisher
James P. Fleisher (0059509)
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, OH 45402-1908
PHONE:   (937) 250-7783
FAX:   (937) 223-6339
E-MAIL:   jpf@biesergreer.com

***Attorney for Defendant, Naser Almadaoji***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of September, 2021, I filed the foregoing document with the Clerk of Courts, United States District Court, Southern District of Ohio, by way of the Court's CM/ECF system which will send copies to all parties of record.

/s/ James P. Fleisher
JAMES P. FLEISHER (0059509)

2900.218270.\ 864503.1